## No. 9005.

### ULLMAN v. KELLEY.

1. LIMITATIONS—*Bill to Declare a Trust in a Decreed Appropriation of Water,* is not affected by the provisions of secs. 3313, 3318 of The Revised Statutes.
2. WATER RIGHT—*Equity in.* An appropriator who has conveyed an interest in his water right to another, induces his grantee to

rely upon his promise to protect him in adjudication proceedings, and secure a decree establishing his right. Equity will declare a trust in the water right, to the extent of the interest so conveyed, as against a purchaser from such original appropriator, taking with notice.

3. STATUTE OF FRAUDS—*Part Performance.* In such case the oral agreement is validated by the part performance.

*Error to Eagle District Court, Hon. Chas. Cavender, Judge.*

Mr. JAMES DILTZ, Mr. GEORGE C. MANLEY, Mr. PAUL KNOWLES, for plaintiff in error.

Messrs. HOGAN & BONNER, Mr. BERYL M. BONNER, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was brought to have plaintiff in error, William B. Ullman, defendant below, declared trustee of the legal title to a certain water right, under appropriation No. 68, in Water District No. 52, to the extent of one-half interest, for the use and benefit of plaintiff below, Roswell C. Kelley, defendant in error. The cause was tried to the court, with findings for Kelley on all issues, followed by judgment and decree in his favor. Defendant brings the cause here for review on error.

The essential facts are that one Conger owned two tracts of land, each of which was irrigated by him with the water right now in controversy. He sold one tract to plaintiff and another party; the latter thereafter conveyed his interest to plaintiff. Later Conger sold the other tract of land to the grantors of defendant, two brothers named Howard. The conveyance to the Howards also included one-half of the water right, under which he claimed, with a provision that the water should be used on the two tracts, by applying it alternately to the respective parcels. In the conveyance to plaintiff, which was subsequent to the Howard conveyance, Conger conveyed all of his right to the use of the water under priority No. 68, which he then had left.

In July, 1906, a general adjudication of water rights and

priorities was had in District No. 52, by which the Howards, grantors of defendant, were decreed to be the sole owners of priority No. 68. Defendant afterward purchased the Howard tract of land, together with their water right. Approximately three years later he attempted to enforce his claim under the decree for the exclusive use of such priority.

It is claimed by plaintiff, and there is testimony to support the claim, that the Howards, grantors of defendant, induced plaintiff to rely upon promises made by them that at the adjudication they would represent him, and obtain a decree which would establish in him the right to one-half of the water under Appropriation No. 68, in accordance with their respective deeds from Conger, but that instead they secured a decree for all the water in themselves; that neither the Howards nor their grantee, the defendant, ever attempted to enforce a claim to all the water until about three years after such decree was rendered; that plaintiff had always, under claim of right, used one-half of the water carried by priority No. 68; that defendant and his grantors knew of such use and of such claim; that defendant was aware of such claim, and of the use under it, before he purchased the land and water right from the Howards; that at the time of the adjudication the Howards were tenants in common with plaintiff in the use of the water, and that as matter of law the title acquired by them innured to the benefit of all, according to their respective interests.

The controlling questions of fact were in dispute between the parties. Defendant relies upon the two and four-year statute of limitation in relation to water decrees, and denies that there can be a tenancy in common in a water priority. The question of the statute of limitation may be disposed of at once by pointing out that this suit is in no sense an attack upon the decree, but merely seeks to have a trust declared in the priority awarded under it. Neither is the question of the existence of a tenancy in common necessarily involved. Plaintiff alleges matters which, if true,

clearly entitle him to have a trust declared as prayed. There was abundant competent testimony, much of which was uncontroverted, upon which to base the conclusions of fact in his favor. The court having so found, upon sufficient evidence, we can not, in the absence of prejudicial error affecting legal rights, reverse the judgment.

It is claimed by defendant that, even if the agreement so alleged was in fact entered into by the grantors of defendant, still it was an oral agreement only, and comes within the statute of frauds, and is therefore void. In this case, however, it appears that the oral agreement was validated by part performance, thus taking it out of the statute. As was said in *Park v. Park*, 45 Colo. 347, at page 356, 101 Pac. 403, 406:

"Oral agreements concerning priorities and title to water rights followed by its change of possession and application by the claimant have hitherto been held valid by this court, also that part performance will take it out of the statute of frauds and equity will enforce the right thus acquired. *Schilling et al. v. Rominger*, 4 Colo. 104; *McLure v Koen*, 25 Colo. 284, 53 Pac. 1058."

The findings of the trial court are supported by the evidence and there appears to be no error of law in the record, the judgment should therefore be affirmed and it is so ordered.

Judgment affirmed.

Mr. Chief Justice Hill and Mr. Justice Allen concur.