SIMKIN *v.* NEW YORK CENTRAL RAILROAD COMPANY.

[No. 20,293. Filed March 8, 1966. Rehearing denied April 15, 1966.]

*Stewart & Austin,* of Anderson, for appellants.

*Paul E. Schrenker,* and *Schrenker & Anderson,* of Anderson, for appellee.

PRIME, C. J.—This is an action in which the appellee, New York Central Railroad, sued for possession of certain real estate and was awarded judgment in the trial court without the intervention of a jury. The real estate in question was a strip of land on which a spur line was constructed by the appellee in 1890. The deed by which the railroad claims title was executed in 1889 and title is still asserted by it.

The appellant is in the auto salvage business and has been for several years. He placed junk cars on the land in question and on land owned by him adjacent to the railroad property. His answer to the complaint set out that he claimed the right to the property because of abandonment by the railroad. He admits that he holds no deed of any kind to the property.

The trial court rendered judgment for the plaintiff-appellee—that it was entitled to the possession of the real estate and awarded damages of One Dollar.

Appellant moved for a new trial which motion was overruled and this ruling is assigned as error.

The grounds of the Motion for New Trial were:

a. The decision of the court is not sustained by sufficient evidence.

b. The decision of the court is contrary to law.

The track was originally built in 1890 to serve an iron works, and later it served a gravel operation. It appears that there has been no traffic over the line since about 1952. A new industry has moved in and the railroad desires to improve the tracks and serve the new customer. The appellant, Simkin, refused to move his salvage cars, claiming that the spur line was abandoned. The railroad claims otherwise and contends that it has held a good title since 1889 and that it has paid taxes on the property since that time.

The principal points of contention set out by the appellant are (1) by reason of abandonment of the spur line the appellant can retain possession, (2) the lease by which the appellees claim possession was not valid because it was executed by only one of the two co-owners and that the real estate was not properly described.

We believe that abandonment by the railroad was not proved by the defendant-appellant. The right of way still has the ties and rails intact. There had been some use of the track as late as 1952. There was sworn testimony that the railroad had paid taxes for many years. Moreover proof of non-use does not show intention to abandon. *Chicago, etc., R. Co.* v. *Wood* (1903), 30 Ind. App. 650, 66 N. E. 923; 1 I. L. E. *Abandonment*, p. 1; *The City of Columbus et al.* v. *The Columbus and Shelby Railroad Company* (1871).

Title in fee simple is not lost by mere abandonment. 1 Am. Jur., *Abandonment*, § 13, p. 14.

We agree with the trial court that abandonment was not shown.

Concerning the point that the lease held by the railroad was not valid because it was executed by only one of the two owners, further explanation is necessary. In 1889, a deed was made by "Margaret and George Hughel to the Chicago, St. Louis & Pittsburgh Railway Company and the Cleveland, Cincinnati, Chicago & St. Louis Railway Company jointly (description). In the event of abandonment of the above described land for railroad purposes, the same shall revert to the grantor, his heirs and assigns."

In 1930, a lease was executed by the Cleveland, Cincinnati, Chicago & St. Louis Railway Company to the New York Central Railroad Company which included the real estate in question as well as many other lines of railroad in the New York Central System.

The appellant urges that the New York Central Railroad Company cannot assert title to the real estate in question because it did not prove ownership in fee or otherwise and that its only claim to ownership rested on a lease from the Cleveland, Cincinnati, Chicago & St. Louis Railway Company to the New York Central Railroad Company.

It is further pointed out that the original grantees and owners were the Cleveland, Cincinnati, Chicago & St. Louis Railway Company and the Chicago, St. Louis & Pittsburgh Railway Company and that therefore a lease from the Cleveland, Cincinnati, Chicago & St. Louis Railway Company alone, to the New York Central Railroad Company would not be sufficient title upon which to base this action.

We feel this assignment could be solved by applying theories of estoppel and waiver inasmuch as this lease has been in effect, without complaint, for over thirty (30) years; however, we see no necessity to delve into these defenses since, in our opinion, appellant is not the proper party to attack the validity of this lease.

"Subject to the rights of his cotenants, a cotenant of real property may use and enjoy the common estate in the same manner as though he were the sole proprietor." 14 Am. Jur., Co-tenancy, § 24, p. 95.

"(I)n the absence of any agreement to compensate his cotenants, a cotenant who has entered upon the common property without excluding the others or interfering with their rights is under no obligation to account to them for any profits that he may have made." 14 Am. Jur., *Co-tenancy,* § 35, p. 102; *Crane et al. v. Waggoner et al.* (1866), 27 Ind. 52.

"But it does not follow, *because a lease made* by only one of the cotenants is not binding upon the others, that it is of no effect as between the lessor and lessee; on the contrary, *as between them, it is just as valid as a lease of property owned entirely by the lessor.* . . .

"It is clear that as a general rule any of the cotenants may lease his undivided interest in the common property, either with or without the consent of the other cotenants, and if he does so his lessee becomes a cotenant with them and entitled to exercise his rights as such." (Emphasis added.) 14 Am. Jur., *Co-Tenancy,* § 87, p. 154, 155.

The trial court found that the appellee and its predecessors in title had held possession of the real estate since 1889. That they had not abandoned the property and in fact used the spur track occasionally through the years. We think that this was the issue to be determined here and that the lower court rendered a decision that a reasonable man or mind would have arrived at from the evidence and the legitimate inferences and thus the decision was not contrary to law. *Pokraka* v. *Lummus* (1952), 230 Ind. 523, 104 N. E. 2d 669. We see no reason to believe that the appellant could arbitrarily move in and take possession. This case borders on a question of what we might call squatter's rights.

We hold that the trial court had sufficient evidence before it to sustain the decision and that it was not contrary to law.

Judgment affirmed.

Carson, Faulconer, and Wickens, JJ., concur.

NOTE.—Reported in 214 N. E. 2d 661.