No. 21528.

REECE E. RIDGEWAY AND BETTY W. RIDGEWAY *v.* JAMES E. POPE AND FLO G. POPE.
(420 P.2d 77)

Decided June 26, 1967. Rehearing denied August 21, 1967.

ARTHUR M. MORRIS, for plaintiffs in error.

RICHARD E. HARTMAN, STANLEY W. PRISNER, for defendants in error.

*In Department.*

Opinion by JOHN N. MABRY.*

ABOUT six years before the trial of this matter below, James E. Pope and Reece E. Ridgeway orally agreed to purchase real estate in Denver and convey title to such realty to a corporation which they planned to organize. In the proposed corporation each party would hold an equal number of shares of stock and share equally in profits and losses in the entire venture prior and subsequent to the creation of the corporation.

In pursuance of such agreement a Larimer Street building in Denver was purchased, paid for by, and title taken in the name of Reece E. Ridgeway and Betty W. Ridgeway, his wife. James E. Pope's contribution to this particular property was the repair and installation of a central heating system in the building, which he completed at his expense. At the time of trial below this property had shown a modest profit.

Before a disagreement developed between James E. Pope and Reece E. Ridgeway they purchased another, but unimproved, property on Dayton Street in or near Denver, with title in their names as tenants in common. Improvements were made on this tract of land by Pope who made all the payments for the purchase of the land and for the improvements later erected thereon. After completion of the improvements to the time of trial rental on this piece of property showed a minimal net profit. As a result of a falling-out between the parties, the planned corporation was never formed and this matter came on regularly to be tried to the court on

*Retired district judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

the legal theory of joint venture and accounting in which the wives of the parties were joined.

Considerable time was devoted to the trial before the court and evidence was extensively detailed. The court adjudged that Pope should have judgment against Reece and Betty Ridgeway for his contribution of the heating plant to the Larimer Street property and one-half the profit that had been derived from the property; however, title to the Larimer Street property was to remain in the Ridgeways. Reece E. Ridgeway was required to convey to Pope the former's interest in the Dayton Street real estate and the court further awarded Pope title to some tools originally purchased by the parties jointly.

By this writ of error Ridgeway and his wife challenged the findings and the judgment of the trial court and alleged several grounds for reversal. All such assignments of error, except one, relate to questions of fact with reference to which the Ridgeways claim the trial court erred in its analysis and final resolution.

██ We have carefully read the record and find that all the issues in question before the court were clearly and thoroughly presented and were carefully considered by the trial court. To detail the evidence would not be helpful, but it will suffice to say that there is ample evidence in the record to sustain the judgment of the trial court in all particulars. It is well settled law in this State, that a reviewing court will not disturb the findings or the judgment of a trial court where the judgment is supported by substantial evidence. In *Lindsey v. Marcus*, 137 Colo. 336, 325 P.2d 267, this Court aptly stated:

"We have held too often to require the citation of authority, that when a case is tried to the court and there is adequate evidence to support the findings and judgment of the trial court, it will not be disturbed on review. * * *"

On the remaining assignment of error, the Ridgeways urge that since the agreement between the parties was

an oral one, such agreement was in contravention of the Statute of Frauds and therefore it was reversible error for the trial court to deny the Ridgeways' motion to dismiss the case on that ground.

 The contract involved was substantially performed by all parties thereto. The rule is well established that part performance of a contract in a case such as the one now before us, effectively removes it from the bar of the Statute of Frauds. See *Ullman v. Kelley*, 65 Colo. 77, 173 P.423; *Sackett v. Rodeck*, 75 Colo. 425, 226 P.295; and *Rupp v. Hill*, 149 Colo. 48, 367 P.2d 746.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.