ROBERTS0N, Judge.
Southern Railway Company (Southern) is appealing an order of the Public Service Commission (PSC) requiring the removal or restoration of two railroad overpasses over the Booneville-New Harmony Road and the Bender Road, both located in Vanderburgh County, Indiana. PSC ordered the Boone-ville-New Harmony grade separation to be removed or restored at Southern’s expense and the cost of the Bender Road separation to be removed or restored at Southern’s expense and the cost of the Bender Road separation to be apportioned between Southern and Vanderburgh County.
We reverse.
To facilitate the removal of the two railroad overpasses, Vanderburgh County petitioned the PSC to deejare a part of Southern’s rail line abandoned, pursuant to IC 8-3-1-21.2. Vanderburgh alleged that the structures were unsafe because of their narrowness and age thereby posing a hazard to vehicular traffic using the Booneville-New Harmony and Bender Roads. Evidence at the PSC hearing showed, among other things, that the overpasses were built in 1910. Southern acquired the line in 1976. It is unclear how long a period that railroad traffic has not used the line, however, Southern has not put trains on the line since it acquired the property. The line is severed in one place by a road subject to an agreement to replace the tracks if Southern decides to use the line. Elsewhere the *447 track is in place and Southern has paid all taxes on the property. The roads beneath the overpasses are too narrow for two-way traffic and the roads, at that point, curve causing visibility problems. The line runs through Vanderburgh County to Gibson County where it connects to Southern’s main line. The line was purchased by Southern with an intent to reactivate it when justified by customer demand.
Essentially, the Commission found:
1. That Respondent’s overpasses of Booneville, New Harmony Road and Bender Road have been abandoned within the meaning of IC 8-3-1-21.2.
2. That the physical condition of the overpass of Booneville-New Harmony Road and Bender Road is in a highly deteriorated condition requiring extensive repairs in order to properly restore said overpasses to their original condition.
3. That both of said overpasses, as presently constructed, constitute a hazard to the public and to traffic safety along and upon said county roads.
4. That in order to protect the public and traffic'safety along such roads, the overpasses should be removed or such other modifications should be made in order to comply with the minimum standards of the Indiana State Highway Commission.
Based upon these findings of fact the Commission issued the following orders in regard to the grade separations:
IT IS THEREFORE ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA that the Petition of the Board of Commissioners of Vanderburgh County, for a finding of abandonment of portions of Respondent’s track over Booneville-New Harmony Road and Bender Road in Vanderburgh County, Indiana be, and is hereby, granted.
IT IS FURTHER ORDERED that the Respondent remove the overpass over Booneville-New Harmony Road and restore the immediate area thereof or make such other modifications so as to comply with the minimum standards of the Indiana State Highway Commission, all at the sole expense of Respondent.
IT IS FURTHER ORDERED that the overpass located over Bender Road be removed and the immediate area restored or make such other modifications so as to comply with the minimum standards of the Indiana State Highway Commission the cost of said removal and restoration to be equally shared by Petitioner and Respondent.
The Commission based its decision upon the following section of IC 8-3-1-21.2:
Abandonment of right-of-way-Determination-Restoration of highway or street. —Upon the petition of the governing body or authorized public official administering any public highway or street in this state or any person or entity operating a railroad, the commission shall conduct a hearing to determine whether the right-of-way of any railroad which intersects or crosses any public highway or street, either at grade or by separated grade, is abandoned.
If the commission finds any such crossing to be abandoned, then the commission may order the removal of the grade crossing and the grade separation structures and restoration of the highway or street right-of-way to such condition as the commission finds reasonable and necessary to accommodate public and traffic safety.
Southern contends that the PSC order is contrary to law in that the finding of abandonment is not supported by sufficient evidence. As stated in Citizens Energy Coalition, Inc. v. Indiana and Michigan Electric, (1979) Ind.App., 396 N.E.2d 441 the appropriate standard of judicial review of a PSC determination has two levels. The Commission’s decision must first contain specific findings of fact on all determinations material to its order. Secondly, this court must ask whether there is substantial evidence in light of the record to support the Commission’s findings of fact. In reviewing the sufficiency of the evidence, we will not weigh the evidence nor substitute *448 our judgment for that of the PSC. Coastal Tank Lines, Inc. v. Propane Transport, Inc., (1981) Ind.App., 416 N.E.2d 440.
In regard to the first level of review, we find that the Commission has complied with the requirement of setting forth specific findings of fact on all determinations material to its order. However, in regard to the second level of review, we find that there is insufficient evidence in light of the record to support the Commission’s finding of abandonment in regard to the portion of railroad line in issue.
The evidence shows that Southern has paid all the taxes on the property since its acquisition in 1976. In addition, there is evidence showing that Southern purchased the line with the intention of reactivating it when justified by customer demand. There is a cut in the line at St. Joseph Road, however Southern has an agreement with the county to replace the area with a bridge in the event the railroad decides to reactivate the line.
A similar question to the one in issue was placed before this court in Simkin v. New York Central Railroad Company, (1966) 138 Ind.App. 668, 214 N.E.2d 661. In Simkin, there was a question of abandonment of a spur section of railroad line which had not been in use since 1952. Thereafter, the railroad desired to reactivate the tracks. The owner of a junk yard had been using the land to place junk cars on and claimed that the railroad had lost its right-of-way by abandonment. The court decided that the evidence did not establish the abandonment of the line.
We believe that abandonment by the railroad was not proved by the defendant-appellant. The right-of-way still has the ties and rails intact. There had been some use of the track as late as 1952. There was sworn testimony that the railroad had paid taxes for many years. Moreover proof of non-use does not show an intention to abandon. (Citations omitted).
Simkin, 138 Ind.App. at 670, 214 N.E.2d at 662.
It is unclear exactly how long that portion of the line in question has been in a state of non-use. Estimates place the time somewhere between fifteen to twenty years. In the present case, such amount of time is not enough to warrant a finding of abandonment because Southern has demonstrated an intent to revive the line when justified by customer demand. As stated in Simkin, supra, mere proof of non-use for a number of years is insufficient to show an intention to abandon.
IC 8-3-1-21.2 is applicable only to situations where a railroad has evidenced an intention to totally discontinue service and thus has abandoned its right-of-way. This court remains unpersuaded to interpret IC 8-3-1-21.2 as giving the authority to remove or restore structures solely on the basis of public and traffic safety. We feel that there are other Indiana statutes which more appropriately deal with the correction of alleged safety hazards. It is for these reasons we reverse the order of the PSC.
Reversed and remanded.
NEAL, P. J., and RATLIFF, J., concur.