D.A. WALK and Helen Walk,
Plaintiffs-Appellees,

v.

Edward E. MILLER, a/k/a Ed E. Miller,
a/k/a Ed Miller, Defendant-Appellant.

No. 80CA0464.

Colorado Court of Appeals,
Div. I.

Nov. 27, 1981.

Rehearing Denied Dec. 17, 1981.

Certiorari Denied Aug. 30, 1982.

Dean, Martin, Mitchell & Schwartz, Allen R. Schwartz, Fort Collins, for plaintiffs-appellees.

G. William Beardslee, Fort Collins, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, lessee, appeals a judgment for past due rent entered against him in a forcible entry and detainer action. We affirm.

The property was owned by the plaintiffs, husband and wife, as joint tenants. A contract was prepared for the signatures of both the wife and the husband. The defendant took possession of the property in question after the husband signed the contract which gave defendant the right to lease the property, an option to purchase, and a right of first refusal as to other adjoining property. These rights were to be in effect for six years. The other joint tenant, the wife, refused to sign the contract, and both husband and wife notified defendant that he was a month-to-month

tenant, and refused to accept defendant's payments which included a notation referring to the "purchase" contract on the checks. Plaintiffs brought this forcible entry and detainer action when defendant failed to send checks without the objectionable notation.

 Defendant contends that the wife's signature on the contract as the other joint tenant was unnecessary for an effective conveyance of the lease and option rights because part performance of the contract satisfied the requirement of a signed writing contained in § 38–10–108, C.R.S. 1973. We disagree.

Defendant is correct in arguing that part performance may take the place of a writing under the statute of frauds and will permit enforcement of an otherwise unenforceable oral contract. *Ridgeway v. Pope,* 163 Colo. 160, 430 P.2d 77 (1967). However, the trial court's finding that the wife had not agreed to the contract is supported by the record. Because there was no assent by the wife, and because the trial court did not find the elements of an estoppel, it is irrelevant that the defendant performed his obligations under the contract. *See Mestas v. Martini,* 113 Colo. 108, 155 P.2d 161 (1944).

Defendant also contends, in the alternative, that even if the contract did not affect the wife's rights as the other joint tenant, it should be construed as a severance of the joint tenancy, because the unity of title necessary for a joint tenancy was destroyed when certain rights in the property were carved out by the signing joint tenant. Again, we disagree.

A joint tenancy relationship is terminated when one or more joint tenants manifests an intent to terminate the right of survivorship. *Mangus v. Miller,* 35 Colo.App. 115, 532 P.2d 368 (1975). Such intent may be inferred from actions which are inconsistent with continuation of the relationship. *Bradley v. Mann,* 34 Colo.App. 135, 525 P.2d 492 (1974), aff'd, 188 Colo. 392, 535 P.2d 213 (1975).

Here, the trial court found no intent to sever the relationship. Defendant intended to acquire the entire interest in the property and the husband negotiated with defendant for the sale of the entire interest and intended that there would be a conveyance of the entire interest. Husband attempted to obtain the consent of his wife, the other joint tenant, so that both their interests would be affected as was intended by the terms of the proposed agreement. However, because the wife did not give her consent, the proposed agreement never ripened into a contract. *See Lea v. Lea,* 399 N.Y.S.2d 219, 59 A.D.2d 277 (1977). *But see Simkin v. N.Y. Central Ry.,* 138 Ind.App. 668, 214 N.E.2d 661 (1966).

The judgment of the trial court is affirmed.

KIRSHBAUM and TURSI, JJ., concur.