Atul KUMAR, Appellant–Defendant,

v.

BAY BRIDGE, LLC, an Indiana Limited Liability Company, Appellee–Plaintiff.

No. 45A03–0803–CV–91.

Court of Appeals of Indiana.

March 19, 2009.

Rehearing Denied June 19, 2009.

James J. Nagy, Munster, IN, Attorneys for Appellant.

Scott J. Fandre, Carl A. Greci, Wendy K. Walker–Dyes, Baker & Daniels LLP, South Bend, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Bay Bridge LLC ("Bay Bridge") filed a complaint in Lake Superior Court to quiet title to a parcel of real estate commonly known as 149th and Colfax, Cedar Lake, Indiana ("the real estate") and named Atul Kumar ("Kumar") as a defendant. Kumar had purchased the real estate at a tax sale but failed to record his deed. The trial court granted Bay Bridge's motion for summary judgment. Kumar appeals and raises several issues. However, we address only the following dispositive issue:

whether Bay Bridge was a bona fide purchaser of the real estate at issue.[1] We affirm.

### Facts and Procedural History

On September 25, 2001, Kumar purchased the real estate at a tax sale. The record owner of the real estate, INB National Bank Trust No. 26, had not paid the property taxes in 1999 and in years prior. Although the tax sale notices were returned as undeliverable, on January 27, 2003, the Lake Circuit Court issued a tax deed to Kumar. Kumar failed to record the deed at that time.

On December 13, 2004, Bank One Trust Company (the successor-in-interest to INB National Bank) conveyed the property to Bay Bridge. Bay Bridge recorded the trustee's deed shortly thereafter. Bay Bridge later discovered that Kumar claimed an interest in the real estate. On January 16, 2007, Bay Bridge filed a complaint to quiet title to the real estate in Lake Superior Court and named Kumar as a defendant.[2] On February 6, 2007, Kumar recorded his tax deed.

Both parties filed motions for summary judgment. Bay Bridge argued that Kumar's tax deed was void and/or that it was a bona fide purchaser of the property. In his motion, Kumar challenged the jurisdiction of the Lake Superior Court, argued that Bank One Trust could not convey property they did not own, and that adequate notice of the tax sale was provided to the record owner of the real estate.

After a hearing, the trial court issued an order granting Bay Bridge's motion for summary judgment. The court specifically found that "the notice provided to Bay Bridge's predecessor in interest in the property, INB Trust No. 26 is insufficient to satisfy due process. As such the tax sale and the Tax Deed conveying the Property to Kumar was void." Appellant's App. p. 9. The trial court did not address whether Bay Bridge was a bona fide purchaser. Kumar appeals. Additional facts will be provided as necessary.

### Standard of Review

A trial court should grant a motion for summary judgment only when the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). The trial court's grant of a motion for summary judgment comes to us cloaked with a presumption of validity. *Rodriguez v. Tech Credit Union Corp.*, 824 N.E.2d 442, 446 (Ind.Ct.App.2005). However, we review a trial court's grant of summary judgment de novo, construing all facts and making all reasonable inferences from the facts in favor of the non-moving party. *Progressive Ins. Co. v. Bullock*, 841 N.E.2d 238, 240 (Ind.Ct.App.2006), *trans. denied.* We examine only those materials designated to the trial court on the motion for summary judgment. *Trietsch v. Circle Design Group, Inc.*, 868 N.E.2d 812, 817 (Ind.Ct.App.2007). We may affirm the trial court's grant of summary judgment upon any basis that the record supports. *Rodriguez*, 824 N.E.2d at 446. Our standard of review is not altered by the fact that the parties filed cross motions for summary judgment. *Pond v. McNellis*,

---

1.  Kumar raises several issues that arise from the trial court's conclusion that his tax deed was void because the notice provided to Bay Bridge's predecessor in interest was insufficient to satisfy due process. We need not address those issues given our resolution of the issue noted above.

2.  While Bay Bridge was aware of Kumar's claimed interest in the real state at issue before its complaint to quiet title was filed, the record does not disclose when Bay Bridge discovered that Kumar had a tax deed to the property.

845 N.E.2d 1043, 1053 (Ind.Ct.App.2006), *trans. denied.*

The trial court made findings and conclusions in support of its entry of summary judgment. "Although we are not bound by the trial court's findings and conclusions, they aid our review by providing reasons for the trial court's decision." *See GDC Environmental Servs. Inc., v. Ransbottom Landfill,* 740 N.E.2d 1254, 1257 (Ind.Ct. App.2000). "If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm." *Id.*

### Discussion and Decision

■ First, we observe that Kumar correctly noted in his summary judgment motion that Bay Bridge's challenge to his tax deed should have been filed in Lake Circuit Court. Indiana Code section 6–1.1–24–4.7(f) provides: "The court that enters judgment under this section shall retain exclusive continuing supervisory jurisdiction over all matters and claims relating to the tax sale." *See also Star Financial Bank v. Shelton,* 691 N.E.2d 1338, 1341 (Ind.Ct.App.1998). However, by failing to object at his first opportunity, i.e. when he filed his answer, Kumar waived his claim of procedural error. *See Packard v. Shoopman,* 852 N.E.2d 927, 929–30 (Ind. 2006).

Therefore, we turn our attention to Bay Bridge's claim that it was entitled to summary judgment on its complaint to quiet title because the undisputed facts establish that Bay Bridge is a bona fide purchaser for value. *See* Appellant's App. p. 99; Appellee's Br. at 28. The trial court entered findings of fact and conclusions of law with regard to whether Kumar's tax deed was void, but did not issue any findings with regard to Bay Bridge's bona fide purchaser argument. However, as set forth *supra,* we may affirm the trial court's grant of summary judgment upon any basis that the record supports. *Rodriguez,* 824 N.E.2d at 446.

■ Indiana Code section 32–21–4–1 provides that a conveyance, mortgage of land, a lease for more than three years, or any interest in the land must be recorded in the recorder's office of the county where the land is situated. Further,

A conveyance, mortgage, or lease takes priority according to the time of its filing. The conveyance, mortgage, or lease is fraudulent and void as against any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration if the purchaser's, lessee's, or mortgagee's deed, mortgage, or lease is first recorded.

"The purpose of the recording statute is to provide protection to subsequent purchasers, lessees, and mortgagees." *Meyer v. Marine Builders, Inc.,* 797 N.E.2d 760, 774 (Ind.Ct.App.2003).

■ Consistent with the recording statute, Indiana has long recognized the bona fide purchaser doctrine. "[T]o qualify as a bona fide purchaser, one has to purchase in good faith, for a valuable consideration, and without notice of the outstanding rights of others." *Keybank Nat'l Ass'n v. NBD Bank,* 699 N.E.2d 322, 327 (Ind.Ct. App.1998). "The theory behind the bona fide purchaser defense is that every reasonable effort should be made to protect a purchaser of legal title for a valuable consideration without notice of a legal defect." *S & S Enterprises v. Marathon Ashland Petroleum, LLC,* 799 N.E.2d 18, 23 (Ind. Ct.App.2003).

"The law recognizes both constructive and actual notice." *Bank of New York v. Nally,* 820 N.E.2d 644, 648 (Ind.2005). A "purchaser of real estate is presumed to have examined the records of such deeds as constitute the chain of title thereto under which he claims, and is charged with

notice, actual or constructive, of all facts recited in such records showing encumbrances, or the non-payment of purchase-money." *Id.* (citation omitted). "A record outside the chain of title does not provide notice to bona fide purchasers for value." *Id.* at 648–49 (quoting *Szakaly v. Smith,* 544 N.E.2d 490, 492 (Ind.1989)).

■ Kumar failed to record his tax deed as required by Indiana Code section 32–21–4–1, and it remained unrecorded until after Bay Bridge filed its complaint to quiet title. Therefore, Bay Bridge did not have constructive notice of Kumar's interest in the real estate at issue.[3] *See Keybank,* 699 N.E.2d at 327 ("Constructive notice is provided when a deed or mortgage is properly acknowledged and placed on the record as required by statute[.]").

With regard to actual notice, prior to purchasing the property, Bay Bridge requested a title search, which "found of record no lis pendens, no certificate of tax sale, no tax deed, nor any other record interest of Atul Kumar in the property purchased by Bay Bridge." Appellant's App. p. 80. Moreover, Kumar did not designate any evidence to the trial court which would establish that Bay Bridge had actual notice of his claimed interest in the property. *See id.* ("Notice is actual when notice [has] been directly and personally given to the person to be notified. Additionally, actual notice may be implied or inferred from the fact that the person

charged had means of obtaining knowledge which he did not use.").

From our review of the record before us, we conclude that Bay Bridge designated evidence establishing that it was a bona fide purchaser for value, and Kumar failed to designate any evidence that would create a genuine issue of material fact on this issue. Therefore, the trial court properly granted Bay Bridge's motion for summary judgment on its complaint to quiet title.

Affirmed.

BAKER, C.J., and BROWN, J., concur.

---

**3.** We are unpersuaded by Kumar's argument that Bay Bridge had constructive notice of the tax sale because the records of the tax sale were available in the Lake County Court Clerk's office. Kumar essentially dismisses the fact that his failure to record his tax deed for over four years has resulted in the litigation at issue. Kumar inaccurately states, "[w]hile it may have ameliorated the situation somewhat if Kumar had recorded his Tax Deed before Bay Bridge became involved, this should not affect the outcome of this matter."

Reply Br. of Appellant at 25. "A person charged with the duty of searching the records of a particular tract of property is not on notice of any adverse claims which do not appear in the chain of title; because, otherwise, the recording statute would prove a snare, instead of a protection." *Keybank,* 699 N.E.2d at 327. Moreover, "an otherwise valid instrument which is ... recorded out of the chain of title does not operate as constructive notice[.]" *Id.*