## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 27 2015, 9:11 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Matthew E. Dumas
Hostetter & Associates
Brownsburg, Indiana

ATTORNEY FOR APPELLEE

Gregory E. Steuerwald
Steuerwald Hannon & Witham, LLP
Danville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jack L. Yant, III,

*Appellant-Defendant,*

v.

Barry L. Payne,

*Appellee-Plaintiff.*

March 27, 2015

Court of Appeals Case No. 32A04-1408-PL-385

Appeal from the Hendricks Superior Court

The Honorable Mark A. Smith, Judge

Case No. 32D04-1311-PL-126

**Mathias, Judge.**

[1] Barry L. Payne ("Payne") filed a complaint against Jack L. Yant III ("Jack") in Hendricks Superior Court seeking to quiet title to a portion of land that borders both parties' real estate. Jack counterclaimed for removal of encroachment. The trial court granted Payne's motion for summary judgment against Jack to quiet title by adverse possession. The court also entered judgment in favor of Payne

as to Jack's counterclaim. Jack appeals and argues that genuine issues of material fact exist precluding the entry of summary judgment.

[2] We affirm.

### *Facts and Procedural History*

[3] In 1963, Payne acquired 10.07 acres of real property located at 3395 N. County Road 900 E. in Brownsburg. In accordance with the survey of Payne's land, he built a fence along the northern property line in 1963. Soon after, Payne's grandparents bought 2.00 acres of real property north of the fence and built a house. A portion of the fence was removed to create a common driveway.

[4] In 1976, Jack L. Yant II ("Yant") purchased the 2.00-acre property from Payne's grandmother's estate. The remaining portion of the fence marking the northern boundary of Payne's property remained in place when Yant purchased the property.

[5] In 1982, a second survey confirmed the same boundary between Payne's property and Yant's property.

[6] Between 1983 and 1986, Payne built a barn on the northern boundary of his property near the fence. Payne paid all assessments for the improvement every year since the barn was built.

[7] In 2011, Payne decided to sell his property, and another survey of his property was completed. The 2011 survey showed the original boundary line marked by

the fence was incorrect. The fence and a portion of the barn sit on Yant's real estate. The disputed property encompasses 0.02 acre.

[8] In October 2013, Yant deeded his property to his son, Jack.

[9] On November 13, 2013, Payne filed his complaint to quiet title to the disputed .02 acre by adverse possession. On May 23, 2014, Payne filed a motion for summary judgment. On June 30, 2014, the trial court denied Payne's motion. Payne requested a hearing on his motion, and the trial court vacated the order and set Payne's motion for hearing. The hearing was held on July 30, 2014, and on August 1, 2014, the trial court granted Payne's motion for summary judgment. Jack now appeals.

## *Standard of Review*

[10] A trial court should grant summary judgment when the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C).

[11] When reviewing a motion for summary judgment, we stand in the shoes of the trial court "construing all facts and making all reasonable inferences from the facts in favor of the non-moving party." *Kumar v. Bay Bridge, LLC*, 903 N.E.2d 114, 115 (Ind. Ct. App. 2009). We may affirm the trial court's grant of summary judgment upon any basis that the record supports. *Rodriguez v. Tech Credit Union Corp.*, 824 N.E.2d 442, 446 (Ind. Ct. App. 2005).

Here, the trial court made findings of fact and conclusions of law in support of its entry of summary judgment. Although we are not bound by the trial court's findings and conclusions, they aid our review by providing reasons for the trial court's decision. *Kumar*, 903 N.E.2d at 115. We must affirm the trial court's entry of summary judgment if it can be sustained on any theory or basis in the record. *Id.*

## I. Adverse Possession

Payne claims title over the disputed land by way of adverse possession doctrine, which "entitles a person without title to obtain ownership to a parcel of land upon clear and convincing proof of control, intent, notice, and duration." *Fraley v. Minger*, 829 N.E.2d 476, 486 (Ind. 2005). The Indiana Supreme Court rephrased the common law elements of adverse possession as follows:

> (1) Control—The claimant must exercise a degree of use and control over the parcel that is normal and customary considering the characteristics of the land (reflecting the former elements of "actual," and in some ways "exclusive," possession);
>
> (2) Intent—The claimant must demonstrate intent to claim full ownership of the tract superior to the rights of all others, particularly the legal owner (reflecting the former elements of "claim of right," "exclusive," "hostile," and "adverse");
>
> (3) Notice—The claimant's actions with respect to the land must be sufficient to give actual or constructive notice to the legal owner of the claimant's intent and exclusive control (reflecting the former "visible," "open," "notorious," and in some ways the "hostile," elements); and
>
> (4) Duration—The claimant must satisfy each of these elements continuously for the required period of time (reflecting the former "continuous" element).

*Id*. The elements must be satisfied for the ten-year statutory period. Ind. Code § 34-11-2-11. They must also be established by clear and convincing evidence. *Fraley*, 829 N.E.2d at 483. Failure to establish any one of the elements defeats the adverse possession claim. *Daisy Farm Ltd. Partnership v. Morrolf*, 915 N.E.2d 480, 487 (Ind. Ct. App. 2009).

## A. Control

The claimant must exercise a degree of use and control over the land that is normal and customary considering the characteristics of the land. *Fraley*, 829 N.E.2d at 486. Payne exercised control by building a fence on the border of the land. The disputed .02 acre is located on Payne's side of the fence. A main reason for erecting a fence is to keep others out and exclude them from certain property. *See Nodine v. McNerney*, 833 N.E.2d 57, 67 (Ind. Ct. App. 2005), *clarified on reh'g, trans. denied*. It is undisputed that the fence was built in 1963 and remained in place for many years leading up to Yant's property purchase.

Jack argues that Payne did not satisfy the control element because Yant maintained the property by the fence. However, the construction of a fence, and later a barn, demonstrate Payne's use and control over the land. Yant's maintenance of the fence does not negate Payne's control of the disputed .02 acre, which was established by constructing the fence, and later a barn, after Yant had purchased his property. Payne satisfied the control element.

## B. Intent

The claimant must demonstrate intent to claim full ownership of the property superior to the rights of all others. *Fraley*, 829 N.E.2d at 486. The fence is undisputed evidence of Payne's intent to claim ownership of the land. Payne established his intent to claim ownership of the property as early as 1963 when he first built the fence.

A portion of the fence was removed to install a common driveway shortly after the fence was built, but this does not negate Payne's intent. Payne satisfied the intent element.

## C. Notice

The claimant's actions with respect to the land must also be sufficient to give actual or constructive notice to the legal owner of the claimant's intent and exclusive control. *Fraley*, 829 N.E.2d at 486. Jack argues that notice means the notice of the existence of a dispute, which in this case occurred after the 2011 survey. However, our Supreme Court established that the notice element denotes notice to the actual owner of the adverse possessor's claim of ownership. *See id*. While intent looks to the actions of the claimant, notice refers to how these actions affect the legal owner.

Payne constructed a fence in 1963. This gave the legal owner constructive notice of Payne's intent and control. The construction of a fence "should have alerted any reasonable title owner that his property is being adversely claimed." *Id*. at 481. In addition, it is undisputed that in the 1980s, Payne constructed a

barn that was partially located on the disputed land. This provided additional notice to Yant, the legal owner. Payne satisfied the notice element.

*D. Duration*

The claimant is statutorily required to satisfy each of these elements continuously for ten years. *Id.* at 486; I.C. § 34-11-2-11.

Payne began satisfying each of the adverse possession elements in 1963 beginning with the construction of the fence. No evidence suggests that he did not continuously satisfy the elements at least until the end of the ten-year statutory limit in 1973.

Yant bought the property in 1976. Therefore, Payne adversely possessed the disputed .02 acre for the statutory limit prior to Yant's purchase. Once title vests in a party at the conclusion of the ten-year statutory period, the title may not be lost, abandoned, or forfeited. *Fraley*, 829 N.E.2d at 487. Payne adversely possessed the property continuously until the dispute arose in 2011.

## II. Tax Statute

In addition to satisfying the adverse possession elements, the claimant is required to pay the taxes that he reasonably believes in good faith to be due on the land during the period of adverse possession. *Piles v. Gosman*, 851 N.E.2d, 1009, 1015 (Ind. Ct. App. 2006) (citing I.C. § 32-21-7-1). The claimant must substantially comply with the statutory requirement for payment of taxes. *Fraley*, 829 N.E.2d at 490.

Payne believed that he owned the property up to the fence line. He believed that he was paying taxes on the disputed .02 acre since 1963. After Payne constructed the barn partially located on the disputed property, he paid the property assessments on that property. It is undisputed that Payne reasonably believed he paid taxes on the disputed .02 acre for, at a minimum, the ten years required for adverse possession.

Jack alleges that he and his parents paid taxes on the disputed land beginning in 1976. However, this does not negate Payne's compliance with the tax statute. Payne still reasonably believed in good faith that he was paying taxes on the disputed property, as confirmed by the later fact that he paid property taxes on the barn constructed on the disputed land. Payne met the ten-year requirement in 1973 before Yant purchased his property.

### III. Damages and Court Fees

Finally, Payne alleges that Jack's appeal was frivolous and has asked us to impose damages and attorney fees on Jack. We may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Ind. Appellate Rule 66(E). Damages are discretionary, and we "must use extreme restraint" in awarding damages because of the potential chilling effect upon the right to appeal. *Smith v. Lake County*, 863 N.E.2d 464, 472-73 (Ind. Ct. App. 2007), *trans. denied*. Damages should be assessed when an appeal is "replete with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Id*. at 472.

Jack's appeal does not reach the high standard necessary to merit damages under Appellate Rule 66(E). *See Taflinger Farm v. Uhl*, 815 N.E.2d 1015, 1019 (Ind. Ct. App. 2004) (holding that an award of damages requested pursuant to Appellate 66(E) was not warranted where the challenge to the trial court's judgment was supported with pertinent legal authority from which an argument could have been made).

## *Conclusion*

Jack presented evidence of undisputed facts to prove that that he adversely possessed the disputed .02 acre at issue. According to those undisputed facts, the trial court properly found that the elements of adverse possession were established by clear and convincing evidence. No genuine issue as to any material fact exists. Therefore, we affirm the trial court's entry of summary judgment.

Affirmed.

Najam, J., and Bradford, J., concur.