**Thomas BRADEMAS, Sr.,**
**Appellant–Plaintiff,**

v.

**SOUTH BEND COMMUNITY SCHOOL CORPORATION, President and Members of the Board of School Trustees, Appellees–Defendants.**

No. 71A03–0210–CV–357.

Court of Appeals of Indiana.

Feb. 20, 2003.

746

Donald E. Wertheimer, South Bend, IN, Attorney for Appellant.

Thomas J. Brunner, Jeff R. Heck, Baker & Daniels, South Bend, IN, Attorneys for Appellees.

## OPINION

MATHIAS, Judge.

Thomas Brademas, Sr. ("Brademas") filed a complaint in St. Joseph Superior Court against the South Bend Community School Corporation, President, and Members of the Board of School Trustees ("the School") for declaratory relief and a permanent injunction barring the School from executing the proposed budget for fiscal year 2002. The School filed a motion for summary judgment, which was granted by the trial court. The School then filed a motion to assess costs including attorney fees, claiming that Brademas's claim was frivolous, unreasonable, and groundless. The trial court granted that motion and awarded attorney fees in favor of the School. Brademas appeals, raising one issue, which we restate as whether the trial court abused its discretion when it awarded attorney fees against Brademas. Finding that under the facts and circumstances, the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

The School's Board of Trustees ("the Board") determined that September 20, 2001 would be the date on which they would meet to adopt the 2002 budget. The Board further decided to hold the public hearing on the 2002 budget during its September 10, 2001 meeting. Notice of the public hearing was published on August 31 and September 7, 2001. The notice stated that the hearing would begin at 5:30 p.m., the same time as the Board's meeting, because of uncertainty as to how long the Board's normal business would take.

The Board met at 5:30 p.m. on September 10, 2001, and the 2002 budget hearing was on its agenda. According to Board custom, visitors were allowed to speak regarding agenda items at each meeting. If they wished to speak, visitors were asked to place their names on a list, and they were limited to a speaking time of three minutes. On September 10, 2001, the "Hearing of Visitors" was listed as the sixth item on the agenda, and the hearing on the 2002 budget was part of the ninth agenda item, the Action Agenda.

Brademas placed his name on the list of visitors who wished to speak at the September 10 meeting, indicating that he wished to speak about the budget. When the Board came to the hearing of visitors on agenda items, Brademas was recognized and gave his opinion of the 2002 budget. Appellees' Supp.App. pp. 82–83. After Brademas had spoken for the allotted three minutes, the Board president asked him to wrap up his comments. *Id.* at 83. Brademas continued to speak, and the president told him that his time was done, but that Brademas could continue his comments at the budget hearing, which would be held later in the meeting:

Excuse me, I'm going to interrupt you one more time and tell you your time is done. In terms of our ground rules here, I think I have been fairly lenient with you. Now, in terms of your comments on the budget, we will have a public hearing under items thirteen, fourteen and fifteen later, and at that point you may continue to make your comments.

*Id.* In response to a question by the Board secretary, the president made it clear that visitors could speak regarding the 2002 budget during the hearing of visitors portion of the meeting, but would also be allowed to continue their comments during the budget hearing. *Id.*

About thirty minutes later, the meeting agenda moved to the hearing on the 2002 budget, and the Board president gave visitors an opportunity to speak:

Then we move to public hearing, and I would ask anyone who wishes to comment on the 2002 Budget, on the Capital Projects Fund Budget, or on the Bus Replacement Project, to please step forward at this time. Anyone wishing to speak on the public budget hearing? Going once, twice, then let me declare this public hearing on the budget closed.

Appellees' Supp.App. p. 112. Brademas had already left the meeting and did not make any further comments.

On September 20, 2001, another Board meeting was held, and adoption of the 2002 budget was on the agenda as part of the ninth item. As at the previous meeting, the sixth item on the agenda was time for visitors to speak regarding agenda items. Brademas again signed up to speak at this time. He was recognized at the appropriate time, and the following exchange occurred:

Board secretary: The next speaker is Tom Brademas on the budget.

Brademas: Now Mr. President, and the Superintendent, and members of the Board. I want to be correct, as I was

last week. This says to me hearing of visitors, and I consider myself a visitor, on agenda items. Last week, the agenda items were indeed the budget. The operating budget, the capital budget, and the transportation budget. When I attempted to speak on those, I was told that I could not do it. Now, if I am out of order I will sit down and wait until you get to that point. But, if this is appropriate to speak on these, I will proceed.

Board president: We have a couple of hearing of visitors. One is part of our regular session where we have a constraint of three minutes at the beginning to speak on agenda items. Then, under public hearing we have not ever addressed the question of how long does someone have to speak on an agenda item that is open to a public hearing. So, I am going to hold you to three minutes at the moment. If you wish to come back and ...

Brademas: Well, I will wait until you get to the budget items then.

Board president: Thank you.

Board secretary: Point of order.

Board president: Mrs. Blacketor.

Board secretary: I think it would be appropriate for him to talk now because our agenda does not allow for speakers when we get to the agenda items. He is speaking on a budget item which is an agenda item.

Board president: I believe, if my memory is correct, we have a public hearing on the ...

Board secretary: We had that last time. We are adopting.

Board president: You are correct. I stand corrected. We did have that last time. So, Mr. Brademas your time is now, and I am going to have to impose a three minute limit.

Brademas: My three minutes are already up.

Board president: I will start the clock anew.

Brademas: Are you suggesting Mr. President, that you are going to give me three minutes to tell you how to solve your problems?

Board president: Unfortunately, that is exactly what I am suggesting.

Brademas: Well, it is that attitude, that attitude of this Board, that you don't want to hear the facts. So, why should I take my time as a professional planner, experienced in doing these kinds of plans, to come in here and share them with you when you are not interested in hearing it. I will use some other forum. I will communicate with you, but believe me, you would be better off just to let me tell you how you could resolve your financial problems. If you are not interested in that, fine. I will do it some other way. Thank you.

Appellees' Supp.App. pp. 33–34.

On September 24, 2001, Brademas filed a complaint for declaratory relief and a permanent injunction barring the School from "executing and furthering the objectives of the proposed budget for fiscal year January 1, 2002 to December 31, 2002." Appellees' Supp.App. p. 3. The School filed a motion for summary judgment on December 4, 2001, and the trial court granted the motion. On March 7, 2002, the School filed a motion to assess costs, including attorney fees in favor of the School because Brademas's claim was frivolous, unreasonable, and groundless. The motion was granted on May 14, 2002 awarding attorney fees in the amount of $15,278.54 in favor of the School. Brademas now appeals.

## Discussion and Decision

■ Generally, litigants must pay their own attorney fees, and therefore, an award of attorney fees is not permitted unless a statute, agreement, or stipulation authorizes such an award. *Harco, Inc. of Indianapolis v. Plainfield Interstate Family Dining Assocs.*, 758 N.E.2d 931, 940 (Ind. Ct.App.2001) (citing *Davidson v. Boone County*, 745 N.E.2d 895, 899 (Ind.Ct.App. 2001)). Indiana Code section 34–52–1–1 governs the award of attorney fees for litigating in bad faith or for pursuing frivolous, unreasonable, or groundless claims. It provides in relevant part:

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Ind.Code § 34–52–1–1(b) (1998).

■ A claim is "frivolous" if it is made primarily to harass or maliciously injure another; if counsel is unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. *Harco*, 758 N.E.2d at 940. A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and the facts known at the time, no reasonable attorney would consider the claim justified or worthy of litigation. *Id.* at 941. A claim is "groundless" if no facts exist which support the claim relied upon and supported by the losing party. *Id.* "An award of attorney fees is not justified merely because a party loses on the merits." *Id.* (citing *Emergency Physicians of Indianapolis v. Pettit*, 718 N.E.2d 753, 757 (Ind.1999)).

■ When reviewing an award of attorney fees under Indiana Code section 34–52–1–1, we first review the trial court's findings of fact under a clearly erroneous standard and review the legal conclusions of the trial court de novo. *Id.* (citing *Davidson*, 745 N.E.2d at 899). Finally, we review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.*

Brademas argues that his claim was not frivolous, unreasonable, or groundless because the issue of whether the School has the power to limit a speaker to three minutes is a matter of first impression, and the application of Indiana Code section 34–52–1–1 "must allow breathing room for zealous advocacy and access to the courts to vindicate rights." Br. of Appellant at 5.

■■ Indiana Code section 6–1.1–17–3 requires the officers of a political subdivision, such as the School, to hold a public hearing prior to approving its budget, tax rate, and tax levy. Ind.Code § 6–1.1–17–3(a) (2000 & Supp.2002). Taxpayers have a statutory right to speak at these public hearings. *State Bd. of Tax Comm'rs v. State ex. rel. City of Indianapolis*, 198 Ind. 343, 353, 153 N.E. 404, 407 (1926).

Although the issue of limitations placed on a person's right to speak at a public hearing may be a matter of first impression, Brademas's right to speak at the public hearing was not limited to three minutes. The three-minute limit on com-

ments was for the "Hearing of Visitors," a time the Board allowed during its meeting for visitors to speak to agenda items. Indiana law only requires that public meetings be open; it does not require that the public be given an opportunity to speak. Ind.Code § 5–14–1.5–3 (1998) ("[A]ll meetings of the governing bodies of public agencies must be open at all times for the purpose of permitting members of the public to observe and record them."). Brademas was never advised that his comments during the public hearing on the 2002 budget would be limited to three minutes; therefore, his claim does not present an issue of first impression because he was not limited to three minutes of comment during the public hearing.

Brademas also contends that the trial court's conclusion that he failed to present credible evidence that the Board unreasonably limited his time to speak was incorrect. Brademas claims that the information regarding the right to speak to agenda items was confusing and that in his personal experience and observations, the Board generally limits public comment to three minutes at public hearings.

■ Brademas attended the September 10, 2001 meeting and was allowed to make comments regarding the 2002 budget in the time allotted for visitors to speak to agenda items. When he ran over his three-minute limit, the president informed Brademas that he would be permitted to continue his comments at the public hearing to be held later in the meeting. Appellees' Supp.App. p. 83. Brademas left the meeting before the public hearing and did not present any comments at that hearing.

Brademas also attended the September 20, 2001 Board meeting and again spoke at the time set aside for visitors' comment on agenda items. He was again informed that his comments would be subject to a three-minute time limit. This evidence shows that Brademas was informed that the three-minute time limit applied to public comment on agenda items in the "Hearing of Visitors" portion of the meetings. Brademas does not offer any evidence that he was told that this three-minute time limit also applied to the comments made at the public hearing. He only claims that in his experience and observations, the Board generally limits public comment to three minutes at hearings as well. Therefore, the trial court was not incorrect when it stated that Brademas did not present any credible evidence to show that the School would have unreasonably limited his time to speak at the public hearing.

■ Brademas also claims that he was not required to file an objecting petition pursuant to Indiana Code section 6–1.1–17–5(b) as a precondition to filing his complaint. Indiana Code section 6–1.1–17–5(b) states in relevant part:

> Ten (10) or more taxpayers may object to a budget, tax rate, or tax levy of a political subdivision ... by filing an objection petition with the proper officers of the political subdivision not more than seven (7) days after the hearing. The objection petition must specifically identify the provisions of the budget, tax rate, or tax levy to which the taxpayers object.

Ind.Code § 6–1.1–17–5(b) (2000). The trial court did not find that Brademas was required to file an objecting petition as a precondition to filing his complaint. The trial court only found that, as a matter of undisputed fact, Brademas had "failed to file an objecting petition, pursuant to I.C. 6–1.1–17–5(b), objecting to the Defendant Board of School Trustee's [sic]" 2002 budget. Appellant's App. p. 6.

Under the facts and circumstances of this case, we find that the trial court did

not abuse its discretion when it found Brademas's claim to be unreasonable and awarded attorney fees in favor of the School. Brademas did not present any credible evidence that the School would have unreasonably limited his time to speak during the public hearing concerning the 2002 budget if he had attempted to exercise his right to speak. Brademas failed to participate in the public hearing on the 2002 budget and then filed a groundless complaint alleging that he was not allowed to exercise his right to speak at the hearing.

Affirmed.

BAKER and RILEY, JJ., concur.