TOWNSHIP BOARD OF CALUMET TOWNSHIP OF LAKE COUNTY, Indiana, Roosevelt Allen, Jr., Nancy Valentine, and Philippa Cody Tolliver, in their official capacity as Members of the Calumet Township Board, Appellants–Defendants/Counter–Plaintiffs,

v.

Mary L. ELGIN, in her official capacity as Township Trustee of Calumet Township, Lake County, Indiana, Appellee–Plaintiff/Counter–Defendant.

No. 45A03–0510–CV–526.

Court of Appeals of Indiana.

July 21, 2006.

Marc C. Laterzo, Willie Harris & Associates, Gary, IN, Attorney for Appellants.

Dock McDowell Jr., McDowell Law Firm, Merrillville, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellants–Defendants/Counter–Plaintiffs Township Board of Calumet Township of Lake County, Indiana, and Roosevelt Allen, Jr., Nancy Valentine and Philippa Cody Tolliver (in their official capacity as members of the Calumet Township Board) (collectively, "the Township Board") appeal the denial of a motion to correct error, challenging the grant of summary judgment in favor of Appellee–Plaintiff/Counter–Defendant Mary Elgin, Trustee of Calumet Township ("the Trustee"), and the denial of summary judgment to the Township Board. We affirm.

### Issue

The Board presents two issues, which we consolidate and restate as one: whether the trial court erred by granting summary judgment in favor of the Trustee and denying summary judgment in favor of the Township Board.

### Facts and Procedural History

The relevant facts are not in dispute. Mary Elgin began her term of office as the Trustee on January 1, 2003. Shortly thereafter, the Township Board (then consisting of Roosevelt Allen, Jr., Joel Harris,[1] and Philippa Cody–Tolliver) adopted Resolution Number 2003–01. Resolution 2003–1 provided in part that all acquisitions by the Trustee in excess of $25,000.00 must be brought to the Township Board for approval of a single purchase or aggregate purchases annually. Additionally, the Resolution required that all purchases of materials by the Trustee for the calendar year 2003 must be submitted for public competitive bids and have approval of the Board. The Trustee did not comply with Resolution 2003–01, but entered into contracts without submitting bids to the Board for approval.

On January 20, 2004, the Township Board passed Resolution 2004–02, which permitted the Trustee to make purchases of less than seventy-five thousand dollars without prior Township Board approval, but required her to receive approval by the Board for any purchases in excess of that.

---

1. Joel Harris died, and was replaced by Township Board member Nancy Valentine.

The Trustee refused to sign Resolution 2004–02 as requested by the Township Board. Subsequently, the Trustee entered into three separate contracts for professional services, each of which exceeded the sum of seventy-five thousand dollars. The contracts were not submitted to the Township Board for prior approval. The aggregate sum of the contracts did not exceed the budget amount appropriated by the Township Board for professional services.

On March 15, 2004, the Trustee filed a complaint for declaratory judgment. On April 30, 2004, the Township Board filed its answer and counterclaim. The pleadings were subsequently amended. On August 31, 2004, and on September 7, 2004, the Trustee and the Township Board filed cross-motions for summary judgment. On October 12, 2004, the trial court conducted a hearing on the respective motions for summary judgment. On May 5, 2005, the trial court granted the Trustee's motion for summary judgment, and denied the Township Board's motion for summary judgment. On June 3, 2005, the Township Board filed a motion to correct error. The trial court conducted a hearing on September 8, 2005, and denied the motion to correct error. This appeal ensued.

### Discussion and Decision

#### A. Summary Judgment Standard of Review

■ Pursuant to Rule 56(C) of the Indiana Rules of Trial Procedure, summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Our standard of review is the same as the trial court's when reviewing a grant of summary judgment. *Shambaugh & Son, Inc. v. Carlisle*, 763 N.E.2d 459, 461 (Ind.2002). We consider only those facts that the parties designated to the trial court. *Id.* The Court must accept as true those facts alleged by the nonmoving party, construe the evidence in

favor of the nonmovant, and resolve all doubts against the moving party. *Id.* A trial court's order on summary judgment is cloaked with a presumption of validity; the party appealing from a grant of summary judgment must bear the burden of persuading this Court that the decision was erroneous. *Indianapolis Downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind.Ct.App. 2005), *trans. denied.* We may affirm the grant of summary judgment upon any basis argued by the parties and supported by the record. *Payton v. Hadley*, 819 N.E.2d 432, 437 (Ind.Ct.App.2004).

■ Here, the parties filed cross-motions for summary judgment. The fact that cross-motions are filed does not alter our standard of review. *KPMG, Peak Marwick, LLP v. Carmel Fin. Corp., Inc.*, 784 N.E.2d 1057, 1060 (Ind.Ct.App.2003). Instead, each motion is considered separately to determine whether the moving party is entitled to judgment as a matter of law. *Madrid v. Bloomington Auto Co., Inc.*, 782 N.E.2d 386, 391 (Ind.Ct.App. 2003).

Finally, questions of law are reviewed de novo. *Bader v. Johnson*, 732 N.E.2d 1212, 1216 (Ind.2000). The interpretation of a statute is a question of law reserved for the courts. *Heaton & Eadie Prof. Serv. v. CCI*, 841 N.E.2d 1181, 1186 (Ind.Ct.App. 2006). In construing a statute, "it is the duty of the Court to determine and to give effect to the true intent of the legislature." *Post-Tribune v. Police Dep't of Gary*, 643 N.E.2d 307, 308 (Ind.1994).

#### B. Analysis

Pursuant to Indiana Code Section 36–6–4–3, the Trustee has statutory power to "receive and pay out township funds." However, the Township Board must adopt an annual budget, thereby determining the amount of funds to be allocated to the Trustee for disbursement (up to and including the amount of the Trustee's budget

estimate). Ind.Code § 36–6–6–11. Accordingly, the Trustee may make purchases and may disburse funds pursuant to contracts, but only with such funds as the Township Board has allocated. The instant dispute distills to whether the Township Board, having allocated a certain sum for professional and service contracts executed by the Trustee, may then micromanage the expenditures.

■ At the summary judgment hearing, the parties requested the trial court's construction of Indiana Code Section 36–1–3–1 et seq. ("the Home Rule Act").[2] In her Amended Complaint for Declaratory Judgment, the Trustee alleged that the Township Board's passage of the resolutions was "an invalid exercise of authority" and amounted to "attempted usurpation and confiscation of the statutory powers and authority of the Office of Trustee of Calumet Township." (App.167.) She sought a declaration that the resolutions were invalid, void, or unconstitutional, and also sought a declaration that the Home Rule Act is unconstitutionally vague.[3]

In its Amended Counterclaim, the Township Board sought a declaration that the resolutions were valid and binding upon the Trustee. Further, the Township Board requested a declaration that:

[T]he Home Rule law authorizes the Calumet Township Advisory Board to pass Resolution Numbers 2003–01, 2004–02, and all other legislation necessary and desirable in the conduct of its

affairs even though not specifically granted by statute.

(App.190.) The Home Rule Act confers upon a "governmental unit," i.e., a county, municipality, or township, in addition to the powers granted it by statute "all other powers necessary or desirable in the conduct of its affairs even though not granted by statute." Ind.Code § 36–1–3–4(b).

In granting the Trustee declaratory relief, the trial court did not declare the Home Rule Act unconstitutional. Rather, the trial court concluded that the Home Rule Act did not confer upon the Township Board the statutory authority to pre-approve the Trustee's contracts and purchases in excess of $75,000.00. The trial court explained that a township is a governmental unit, consisting of the legislative branch, i.e., the Township Board,[4] and the executive branch, i.e., the Trustee.[5] As one branch of a local government unit, the Township Board did not enjoy all powers granted to the unit as a whole. The trial court accurately observed that the Township Board could not unilaterally declare itself a "governmental unit" within the scope of the Home Rule Act.

■ On appeal, the Township Board has abandoned any argument that the Home Rule Act explicitly confers upon it the authority to approve the Trustee's proposed contracts. Instead, the Township Board claims that the act implicitly authorized the passage of the resolutions at issue. It advances a "public policy" argument that the taxpayers would be well served by

---

**2.** The Home Rule Act significantly expanded the powers of "units" of local government, which are counties, municipalities, or townships. *Worman Enter., Inc. v. Boone County Solid Waste Mgmt. Dist.*, 805 N.E.2d 369, 373 (Ind.2004). Home rule legislation sets forth the State's policy to grant units all powers needed for effective operation of government as to local affairs. *City of Hobart Common Council v. Behavioral Inst. of Ind., LLC*, 785 N.E.2d 238, 248 (Ind.Ct.App.2003).

**3.** This request appears to have been abandoned, in light of the Trustee's arguments at the summary judgment hearing conceding validity of the Home Rule Act.

**4.** *See* Ind.Code § 36–1–2–9.

**5.** Ind.Code § 36–6–4–2.

greater scrutiny of the Trustee's expenditures.

No doubt, the public policy argument would be more persuasive if the taxpayer funds were expended by the Trustee without any checks and balances. However, the Trustee is constrained by the budget approved by the Township Board, which includes line item allocations. The Township Board annually reviews the prior expenditures and decides to maintain, decrease, or increase future allocations. Additionally, proof of expenditures must be submitted to the State Board of Accounts. Aside from encroaching upon the statutory role of the Trustee, the purported resolution would not promote efficiency. Presumably, the Township Board would be required to convene upon multiple occasions to entertain bids or approve proposed contracts or expenditures; yet the resolution mandates no such meetings. Effectively, if the Township Board declined to voluntarily convene, the Trustee could not enter into any large contract or make any large expenditure during her tenure. For these reasons, the Township Board's public policy argument does not persuade us that the Township Board, rather than the Trustee, was entitled to summary judgment.

■ The Township Board also claims, in cursory fashion, that Indiana Code Section 5–22–6–2, providing that "a governmental body may adopt rules governing the purchase of services for the governmental body" confers upon it the authority for the resolutions. Indiana Code Section 5–22–2–13 defines a "governmental body" as "an agency, a board, a branch, a bureau, a commission, a council, a department, an institution, an office, or another establishment of any of the following: (1) the executive branch, (2) the judicial branch, (3) the legislative branch, (4) a political subdivision." However, the Township Board fails to develop an argument explaining how it is an independent governmental body under the foregoing definition, but the Trustee is not. Moreover, the Township Board does not present authority that one "governmental body" may control the individual purchases of another "governmental body."

■ Finally, the Township Board observes that the power to contract is not vested solely in the Trustee, in reliance upon Indiana Code Section 36–1–4–7, which provides: "a unit may enter into contracts." Granted, a local governmental unit may enter into a contract. However, the Township Board does not provide authority for the corollary proposition that a branch of a governmental unit may not do so, or that one branch of a governmental unit may pre-approve the proposed contracts of another.

In light of the foregoing, the Township Board has not demonstrated its entitlement to summary judgment, nor has it established that the trial court erred by granting summary judgment to the Trustee.

Affirmed.

KIRSCH, C.J., and CRONE, J., concur.