Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 29 2014, 9:46 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RAGEN H. HATCHER**
Hatcher Law Group
Gary, Indiana

ATTORNEYS FOR APPELLEE:

**EDWARD R. HALL**
Merrillville, Indiana

**JOSEPH R. MAY**
Certified Legal Intern
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CALUMET TOWNSHIP TRUSTEE, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1305-CC-197 |
| | ) | |
| EDWARD R. HALL, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable Robert Vann, Magistrate
The Honorable George Paras, Judge
Cause No. 45C01-1103-CC-43

**April 29, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Mary Elgin, the Calumet Township Trustee ("the Trustee"), appeals the Lake Circuit Court's grant of summary judgment in favor of Edward R. Hall ("Hall") in Hall's mandamus action seeking to order the Trustee to pay Hall for the work he performed as attorney for the Calumet Township Advisory Board ("the Board"). Hall cross-appeals and argues that the trial court erred in denying him attorney fees for the prosecution of the mandamus action. We affirm the judgment of the trial court with the exception of its denial of attorney fees for the prosecution of the mandamus action. We also remand this action to the trial court for the calculation of reasonable appellate attorney fees for the prosecution of this appeal.

**Facts and Procedural History**

This appeal is one in a long series of legal battles between the Calumet Township Trustee and the Calumet Township Advisory Board. As we explained in an earlier memorandum decision:

> In 1991 the Calumet Township Board wanted to hire its own attorney, and the Township Trustee asked the Attorney General for an opinion whether the Board could. The Attorney General opined the Board did not have that authority. In 1997 a statute governing service contracts for local government units was repealed, and the Trustee decided it could hire counsel pursuant to the Home Rule Act. In 1998 the Board adopted a "Resolution on Contracts for Professional Services," that would permit it to enter into contracts for such services up to amounts that did not require competitive bidding. In 1999 the Board sought a declaratory judgment asking the court to interpret the Home Rule Act to determine whether the Board could employ its own legal advisor. The Trustee did not answer. In August of 1999, the court decided the Board had that authority. The Trustee did not bring a motion to correct error, nor did it appeal.

Calumet Twp. Tr. v. Calumet Twp. Advisory Bd., No. 45A04-0808-CV-449, 2009 WL 2030607 (Ind. Ct. App. July 14, 2009). As the trial court's order on the declaratory

judgment specifically authorized the Board to hire its own attorney, the Board did so, and the then Trustee paid the invoices submitted by that attorney.

In 2003, the current Trustee was elected and continued to make payments to the Board's attorney. Then, on October 17, 2006, the Trustee stopped paying the Board's attorney and filed a motion for relief from judgment under Trial Rule 60, in which she sought to vacate the trial court's 1999 declaratory judgment order authorizing the Board to hire its own attorney. At this point, the Board hired attorney Hall, who defended against the Trustee's motion for relief from judgment. The issue was litigated in the trial court for the next two years, until June 13, 2008, when the trial court denied the Trustee's motion. The Trustee appealed, and on July 14, 2009, a panel of this court affirmed the trial court's judgment. See id., slip op. at 8.

Following our decision, Hall sent invoices to the Trustee, who still refused to pay. Thereafter, Hall filed a motion for attorney fees, which the trial court denied, stating:

> Attorney Edward Hall's Motion and Affidavit for Award of Attorney Fees is hereby denied. The fees shall be paid by the Trustee from the Township budget if approved by the Township Board.

Appellee's App. p. 104. Accordingly, in an open meeting held on October 20, 2009, the Board passed Resolution 2009-001, which specifically "approve[d] for payment by the [Trustee] the invoice for attorney fees previously submitted by [Hall] to the [Trustee]." Id. at 105. Still, the Trustee refused to pay Hall. Hall then filed a rule to show cause, but the trial court denied his request on May 5, 2010, concluding that it did not have "jurisdiction with respect to the payment of the Board's attorney fees." Id. at 107.

Then, on February 20, 2011, Hall filed a petition for a writ of mandamus. During the course of litigating this petition, the Trustee's attorney sent a letter to Hall in which the parties agreed that the only issue was whether the Trustee was obligated to pay Hall's attorney fees. Id. at 124. The Trustee subsequently filed a motion for summary judgment, and Hall filed a cross-motion for summary judgment. The trial court magistrate held a hearing on the matter on February 14, 2013. On May 6, the magistrate issued his findings of fact and conclusions of law granting summary judgment in favor of Hall. The magistrate restated the issue before the court as "Upon [the Board's] approval of [Hall]'s Invoice for professional services, did that obligation become an obligation of the township[?]" Appellant's App. p. 15. The magistrate concluded that, once the Board approved Hall's invoice, the obligation became an obligation of the Township, which the Trustee was statutorily obligated to pay. The magistrate specifically rejected the Trustee's argument that her approval was needed before hiring Hall, as this issue had already been decided against her.

The trial court magistrate therefore ordered:

1. The Writ of Mandamus requested by [Hall] is hereby GRANTED in all respects.
2. The Court finds that [Hall] is due the sum of twenty three thousand four hundred thirty two dollars and fourteen cents ($23,422.14) [sic] in attorney fees.
3. [Hall] is entitled to Eight thousand three hundred seventy five dollars ($8,375.00) in attorney fees for the prosecution of this matter.
4. [Hall] is entitled to costs of this action in the amount of One hundred fifty two dollars ($152.00).
5. [Hall] is entitled to judgment accordingly for $31,949.14.

4

Id. at 15-16. The trial court judge approved of the magistrate's order with the exception of the award of $8,375.00 in attorney fees for the prosecution of the mandamus action, thereby reducing the final award to $23,574.14. The Trustee now appeals, and Hall cross-appeals.

## I. Trustee's Appeal

### A. Summary Judgment Standard of Review

On appeal, the Trustee claims that the trial court erred in granting summary judgment in favor of Hall. Our standard for reviewing a trial court's order granting a motion for summary judgment is well settled. Considering only those facts supported by evidence that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." DeHahn v. CSX Transp., Inc., 925 N.E.2d 442, 445 (Ind. Ct. App. 2010) (quoting Ind. Trial Rule 56(C)). We construe all factual inferences in the non-moving party's favor and resolve all doubts as to the existence of a material issue against the moving party. Id. But a *de novo* standard applies where the dispute is a question of law. Hochstetler Living Trust v. Friends of Pumpkinvine Nature Trail, Inc., 947 N.E.2d 928, 930 (Ind. Ct. App. 2011). The moving party bears the burden of making a *prima facie* showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. DeHahn, 925 N.E.2d at 445 (citing Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1270 (Ind. 2009)). Once the movant satisfies this burden, the burden then shifts to the non-moving party to designate and

5

produce evidence of facts showing the existence of a genuine issue of material fact. Id. at 445-46.

Where, as here, the trial court makes findings and conclusions in support of its entry of summary judgment, we are not bound by such findings and conclusions, but they aid our review by providing reasons for the trial court's decision. Hochstetler, 947 N.E.2d at 930. Our standard of review is not altered by the fact that the parties filed cross motions for summary judgment. Kumar v. Bay Bridge, LLC, 903 N.E.2d 114, 115 (Ind. Ct. App. 2009). Where the trial court makes findings and conclusions in support of its entry of summary judgment, we are not bound by such findings and conclusions, but they aid our review by providing reasons for the trial court's decision. Id. at 116. If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we will affirm. Id.

*B. Board's Authority to Order Payment*

The Trustee argues that the trial court erred in ordering her to pay out of Township funds Hall's fees for acting as the Board's attorney. In so doing, the Trustee notes that the Board is the Township's legislative body, see Ind. Code Ann. § 36-6-6-2(c), and that the Trustee is the Township's executive and fiscal officer See Ind. Code §§ 36-6-4-2(a), 36-1-2-7(4). As this court noted in a case involving another dispute between the current parties:

> Pursuant to Indiana Code Section 36-6-4-3, the Trustee has statutory power to "receive and pay out township funds." However, the Township Board must adopt an annual budget, thereby determining the amount of funds to be allocated to the Trustee for disbursement (up to and including the amount of the Trustee's budget estimate). Ind. Code § 36-6-6-11. Accordingly, the Trustee may make purchases and may disburse funds

6

pursuant to contracts, but only with such funds as the Township Board has allocated.

Twp. Bd. of Calumet Twp. of Lake Cnty. v. Elgin, 850 N.E.2d 1020, 1022-23 (Ind. Ct. App. 2006).

Further, at the Board's annual meeting, the Trustee is obligated by statute to "present an itemized written statement of the estimated expenditures for which appropriations are requested[.]" Ind. Code § 36-6-4-11(a). The Board is then obligated to consider the estimates of expenditures made by the [Trustee] under IC 36-6-4-11, and may approve or reject all or part of any estimate or any item within an estimate." Ind. Code § 36-6-6-11(a). The Board "may not appropriate for any purpose an amount more than the executive's estimate of the amount required for that purpose." I.C. § 36-6-6-11(c). Here, the Trustee claims that she never made any estimated expenditures for Hall's fees and that the Board could therefore not appropriate any money for Hall's payment.

The trial court noted, however, that pursuant to Indiana Code section 36-6-4-3(6), the Trustee "shall . . . [e]xamine and settle all accounts and demands chargeable against the township." The Board's authority to hire its own attorney had long been established by declaratory judgment, and the Trustee's efforts to have this judgment overturned had failed. The Board's attorney, Hall, submitted invoices for his services to the Township and payment of these invoices was approved by the Board. At that point, these fees became a demand chargeable to the Township, and the Trustee was statutorily obligated to pay them.

7

The Trustee's citation to Elgin is unavailing. In that case, the question before the court was whether the Board could pass resolutions requiring its approval of purchases by the Trustee that exceeded a specified monetary threshold. 850 N.E.2d at 1021-22. This court, after setting forth the various roles of the Township Board and Trustee, held that the Board could not grant itself such powers. Id. at 1023-24. In so holding, we noted that Indiana Code section 36-1-4-7 provides that a local governmental unit "may enter into contracts." Elgin, 850 N.E.2d at 1024. In that case, however, the Board provided no authority that it, as a branch of the Township government, could enter into a contract "or that one branch of a governmental unit may pre-approve the proposed contracts of another." Id. However, here, it was long ago established that the Board has the authority to hire its own attorney. And the Trustee's current refusal to pay is simply an attempt to have the right to "pre-approve the contracts of another" branch of the Township government, which Elgin rejected.[1]

*C. The Board's Authority to Hire an Attorney*

---

[1] The Trustee's citation to Laramore & Douglass, Inc. v. City of Anderson, 222 F.2d 480 (7th Cir. 1955) is unavailing with regard to the power of local governmental unites. The Laramore court held that local municipal officers have no power to enter into contracts except where such power is granted by statute, and that they "must pursue and exercise such power in strict compliance with the mode prescribed by statute." Id. at 483. First, we note that Laramore is a decision of a federal court regarding Indiana law and therefore not binding on this court. See Miller v. Dilts, 463 N.E.2d 257, 263 (Ind. 1984). Furthermore, Laramore was decided prior to the enactment of the Home Rule Act. See Ind. Code § 36-1-3-1 to 36-1-3-9. The Home Rule Act "abrogated the traditional rule that local governments possessed only those powers expressly authorized by statute," and "expressly broadened a governmental unit's authority to include not only all powers granted to it by statute, but also "all other powers necessary or desirable in the conduct of its affairs, even though not granted by statute." City of N. Vernon v. Jennings Nw. Reg'l Utils., 829 N.E.2d 1, 4 (Ind. 2005). Thus, the rule cited in Laramore is no longer valid. And to the extent that Hall claims that the Board exceeded its authority under the Home Rule Act, this is nothing more than an attack on the authority of the Board to hire its own attorney, which has already been decided and may not be relitigated.

8

The Trustee also claims that the Board's resolutions authorizing it to contract for and pay for services such as Hall's is improper. This is simply another attack on the authority of the Board to hire its own attorney, authority this court confirmed over fifteen years ago when the trial court entered its declaratory judgment that the Board did have such authority. The Trustee's attempts to overturn this decision failed, both at the trial court and at this court. See Calumet Twp. Tr., slip op. at 3-7. The Board's authority to hire its own attorney is now both the law of the case and *res judicata*. See Murphy v. Curtis, 930 N.E.2d 1228, 1234 (Ind. Ct. App. 2010) (noting that the law of the case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts); Indianapolis Downs, LLC v. Herr, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005) (noting that doctrine of *res judicata* acts to prevent repetitious litigation of disputes that are essentially the same and that claim preclusion applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies). Simply put, the Trustee cannot now gainsay the authority of the Board to hire its own attorney. The Trustee's attack on the Board's resolution authorizing the hiring of an attorney is therefore unavailing.

We also disagree with the Trustee's claim that requiring her to pay Hall's invoices is contrary to public policy. Again, much of her attack under this guise is simply a thinly-veiled attempt to relitigate the issue of whether the Board had the authority to hire its own attorney in the first place. This issue has already been decided.

9

The Trustee's core argument is that, despite the law of the case and res judicata that the Board has the authority to "hire" its own attorney, this attorney has no right to be paid by Township funds unless the Trustee agrees. The trial court's assessment of this argument was well-stated:

> The [Trustee's] . . . argument that irrespective of the Board's ability to hire its own attorney, that the trustee must approve that hiring in order for the attorney to be paid goes against the very reason that a board may seek its own representation. This case is a good example of why the board may seek its own representation in a dispute with the township trustee. Under the trustee's logic, if a dispute such as this one arises, the trustee could block the board's authority under home rule to hire its own attorney by simply refusing to pay them . . . as is the case here. This argument must fail as a thinly veiled attempt [to] provide the trustee with "veto power" to skirt around the Court of Appeals decision in this matter which specifically allows the board the right to hire its "own" attorney.

Appellee's App. pp. 37-38. The trial court did not err in ordering the Trustee to pay the invoices of the Board's attorney.

## II. Hall's Cross-Appeal

Hall cross-appeals and claims that the trial court judge erred in rejecting the trial court magistrate's award of $8,375 in attorney fees for the prosecution of the instant case. The Trustee did not file a reply or cross-appellee's brief on this issue. Therefore, we review this claim for *prima facie* error. See In re Riddle, 946 N.E.2d 61, 70 (Ind. Ct. App. 2011) (citing McBride v. Cox, 567 N.E.2d 130, 134 (Ind. Ct. App. 1991)) (both applying *prima facie* error standard when appellant failed to respond to appellee's cross-appeal by filing cross-appellee brief). The prima facie error rule is to relieve us from the burden of controverting arguments advanced for reversal, a duty which properly rests upon counsel for cross-appellee. Id. It is not the responsibility of this court to develop

10

arguments for either party.  Id.  Therefore, we will reverse if Hall presents a *prima facie* case of error.  See id.

As noted above, the magistrate's proposed order included an award of attorney fees for the prosecution of the instant matter, but the trial court judge struck out this portion of the magistrate's proposed order.  However, we are unable to give the magistrate's proposed order any particular significance, as it was without any legal effect until adopted and signed by the trial court judge.  "Except as provided under subsection (b) [where a magistrate presides at a criminal trial], a magistrate shall report findings in an evidentiary hearing, a trial, or a jury's verdict to the court.  *The court shall enter the final order*."  Ind. Code § 33-23-5-9(a) (emphasis added).

Thus, from our perspective, Hall is simply appealing from the trial court's denial of its request for attorney fees.  Because Hall bore the burden of showing why the trial court should have awarded it attorney fees, he appeals from a negative judgment on this issue.  See Watson v. Thibodeau, 559 N.E.2d 1205, 1211 (Ind. Ct. App. 1990).  On appeal, we will reverse a negative judgment only if the evidence viewed most favorably to the trial court leads incontrovertibly to a conclusion contrary to the one reached below.  Id.  Under the particular facts and circumstances presented here, we believe Hall has met this stringent standard.

Indiana Code section 34-52-1-1 authorizes the award of attorney fees for litigating in bad faith or for pursuing frivolous, unreasonable or groundless claims.  Smyth v. Hester, 901 N.E.2d 25, 33 (Ind. Ct. App. 2009), trans. denied.  A claim is unreasonable if, based on a totality of the circumstances, including the law and facts known at the time of

11

the filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified. Id. A claim is groundless if no facts exist which support the legal claim relied on and presented by the losing party. Id.

The Board's authority to hire its own attorney was established over fifteen years ago in a declaratory judgment that was not appealed. Then, after years of paying the fees of the Board's attorney, the Trustee unilaterally decided to stop paying and sought relief from the declaratory judgment action. The trial court denied this request, and this court affirmed this denial on appeal. At that point, any reasonable party should have been aware that the Board had the right to hire its own attorney. The obvious corollary to this result was that the Board's attorney had the right to be paid out of Township funds. Yet instead of paying the Board's attorney, the Trustee chose to extend this legal fight for a period of years, at taxpayers' expense, presenting numerous claims that all, in effect, try to avoid the clear result of the declaratory judgment action, the order of the trial court denying the Trustee relief from this judgment, and the opinion of this court affirming this order denying relief. Under these facts and circumstances, Hall has established *prima facie* error in the trial court's decision to overrule the magistrate's award of attorney fees for the prosecution of this matter.

### III. Appellate Attorney Fees

Hall also makes a request for appellate attorney fees. Indiana Appellate Rule 66(E) provides that this court "may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." Our discretion to award attorney fees under Appellate Rule

12

66(E) is limited to instances when an appeal is "'permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." Ballaban v. Bloomington Jewish Cmty., Inc., 982 N.E.2d 329, 339-40 (Ind. Ct. App. 2013) (quoting Thacker v. Wentzel, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). Appellate Rule 66(E) provides this court with discretionary authority to award damages on appeal, but we use restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. Id. Accordingly, a strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit but something more egregious. Id.

In the present case, Hall has established *prima facie* that the Trustee's appeal was more than merely lacking in merit. Without repeating ourselves, it can be safely said that the Trustee has repeatedly refused to abide by the declaratory judgment issued fifteen years ago and continues to attempt to avoid the clear implication of this judgment and our prior opinion. The current appeal is little more than another attempt to relitigate the merits of an issue that was decided long ago. We therefore award Hall appellate attorney fees and remand this cause to the trial court with instructions to determine reasonable appellate attorney fees.

**Conclusion**

The trial court did not err in ordering the Trustee to pay for Hall's services as the Board's attorney. Hall has established *prima facie* that the trial court erred in denying his request for attorney fees and that he is entitled to appellate attorney fees.

13

Affirmed in part, reversed in part, and remanded for a determination of reasonable attorney fees for the Board's attorney in both the prosecution of the mandamus and this appeal.

PYLE, J., concurs.

BRADFORD, J., concurs in part and dissents in part.

# IN THE
# COURT OF APPEALS OF INDIANA

CALUMET TOWNSHIP TRUSTEE, )
 )
  Appellant-Respondent, )
 )
   vs. )  No. 45A03-1305-CC-197
 )
EDWARD R. HALL, )
 )
  Appellee-Relator. )

**BRADFORD, Judge, concurring in part, dissenting in part.**

While I concur with the majority's conclusions relating to the Trustee's appeal, I respectfully dissent with regard to the conclusions relating to Hall's cross-appeal and request for appellate attorney's fees.

## I. Hall's Cross-Appeal

On cross-appeal, Hall challenges the trial court's denial of his request for attorney's fees.

> Generally, litigants must pay their own attorney fees, and therefore, an award of attorney fees is not permitted unless a statute, agreement, or stipulation authorizes such an award. *Harco, Inc. of Indianapolis v. Plainfield Interstate Family Dining Assocs.*, 758 N.E.2d 931, 940 (Ind. Ct. App. 2001) (citing *Davidson v. Boone County*, 745 N.E.2d 895, 899 (Ind. Ct. App. 2001)). Indiana Code section 34-52-1-1 governs the award of attorney fees for litigating in bad faith or for pursuing frivolous, unreasonable, or groundless claims. It provides in relevant part:
> > (b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
> > > (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

15

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Ind. Code § 34-52-1-1(b) (1998).

A claim is "frivolous" if it is made primarily to harass or maliciously injure another; if counsel is unable to make a good faith and rational argument on the merits of the action; or if counsel is unable to support the action by a good faith and rational argument for extension, modification, or reversal of existing law. *Harco*, 758 N.E.2d at 940. A claim is "unreasonable" if, based upon the totality of the circumstances, including the law and the facts known at the time, no reasonable attorney would consider the claim justified or worthy of litigation. *Id*. at 941. A claim is "groundless" if no facts exist which support the claim relied upon and supported by the losing party. *Id*. "An award of attorney fees is not justified merely because a party loses on the merits." *Id*. (citing *Emergency Physicians of Indianapolis v. Pettit*, 718 N.E.2d 753, 757 (Ind. 1999)).

When reviewing an award of attorney fees under Indiana Code section 34-52-1-1, we first review the trial court's findings of fact under a clearly erroneous standard and review the legal conclusions of the trial court de novo. *Id*. (citing *Davidson*, 745 N.E.2d at 899). Finally, we review the trial court's decision to award attorney fees and the amount thereof under an abuse of discretion standard. *Id*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id*.

*Brademas v. S. Bend Cmty. Sch. Corp.*, 783 N.E.2d 745, 750 (Ind. Ct. App. 2003).

Here, I cannot say that the trial court's decision to deny Hall's request for attorney's fees was against the logic and effect of the facts and circumstances before the court. As such, I would defer to the trial court's decision and conclude that the trial court did not abuse its discretion in this regard.

## II. Hall's Request for Appellate Attorney's Fees

In pertinent part, Indiana Appellate Rule 66(E) provides that a court on review "may assess damages if an appeal ... is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." In *Orr v. Turnco Mfg. Co.*, 512

16

N.E.2d 151, 152 (Ind. 1987), the Indiana Supreme Court noted that an appellate court "must use extreme restraint" in exercising its discretionary power to award damages on appeal. "Hence, the discretion to award attorney fees under App. R. 66(C) is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 95 (Ind. Ct. App. 2001) (internal quotation omitted). Here, while I concur with the majority's resolution of the issues raised by the Trustee on appeal, I would decline to award appellate attorney's fees as requested by Hall.

For the foregoing reasons, I would affirm the judgment of the trial court in whole.